# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| NEIDY BERRIOS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 16 C 8295 |
| v. ) | |
| ) | Judge Jorge L. Alonso |
| ABM JANITORIAL SERVICES - ) | |
| NORTH CENTRAL, INC., ) | |
| ) | |
| Defendant. ) | |

## ORDER

Defendant's motion to dismiss [11] is taken under advisement pending a possible evidentiary hearing. Defendant's second motion to dismiss [17] is also taken under advisement; the motion will be granted if plaintiff fails to comply with the requirements of Federal Rule of Civil Procedure 4 by June 20, 2017, the extended time period granted by the Court, and it will be denied if defendant is properly served within that time period. A status hearing is set for June 22, 2017 at 9:30 a.m.

## STATEMENT

Plaintiff, Neidy Berrios, was terminated from her employment with defendant, ABM Janitorial Services - North Central, Inc. ("ABM"), on December 27, 2013. Berrios filed a lawsuit against ABM in February 2015, Case No. 15 CV 1406 ("*Berrios I*"), alleging that her termination violated the Family and Medical Leave Act. She filed a second lawsuit against ABM in August 2016 ("*Berrios II*"), the instant suit, alleging that the termination violated the Americans with Disabilities Act, Title VII, and the Age Discrimination in Employment Act.

*Berrios I* is stayed pending resolution of the two motions currently before the Court in *Berrios II*. In its first motion to dismiss (ECF No. 11), ABM argues that *Berrios II* must be dismissed because it was not filed within ninety days of Berrios's receipt of the EEOC's right-to-

sue letter. In its second motion to dismiss (ECF No. 17), ABM argues that the case should be dismissed for insufficient service of process.

Berrios has not served ABM with summons, nor has ABM waived service. ABM is correct that Berrios never provided the company with the documents required to request a waiver. Federal Rule of Civil Procedure 4(d)(1)(C) requires that a request for waiver of service be accompanied by a copy of the complaint, two copies of the waiver form, and a prepaid means for returning the form. When Berrios's attorney requested waiver of service in an August 30, 2016 email, counsel included only one copy of the waiver form and did not include a copy of the complaint or a prepaid means for returning the form. In open court that day, a second copy of the waiver form was handed to ABM's attorney. At that time, there were two named defendants in this case; thus, four copies of the waiver form were required. The second defendant was subsequently dismissed. While ABM's attorney responded that she would waive the requirement for a prepaid means of return, she made it clear that she could not waive service without the other required documents.

To this day, Berrios has still failed to provide opposing counsel with a copy of the complaint, as is required by the rule. Under Rule 4(m), a plaintiff must serve a defendant within ninety days or demonstrate good cause for being unable to do so. The rule not only ensures that the defendant has notice of the suit, but also triggers a district court's ability to exercise jurisdiction over a defendant. *Cardenas v. City of Chi.*, 646 F.3d 1001, 1005 (7th Cir. 2011) (applying previous version of Rule 4(m)). More than ninety days have passed since *Berrios II* was filed, and Berrios has not provided good cause for her failure to comply with the straightforward requirements of Rule 4.

Berrios argues that ABM waived the right to raise the insufficient service of process defense when it filed its first motion to dismiss on other grounds. Federal Rule of Civil

Procedure 12 provides that a party may not make a motion under the rule that raises a defense or objection "that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). But at the time ABM filed its initial motion to dismiss, Rule 4's ninety-day window for service was still open. A defense of insufficient service of process was not yet available to ABM and would not become available until the window closed. ABM's defense therefore could not have been raised in the initial motion. ABM specifically noted in its initial motion to dismiss that it was preserving its right to bring a subsequent motion to dismiss under Rule 12(b)(4) and/or (5). While Berrios argues that the Seventh Circuit's decision in *O'Brien v. R.J. O'Brien & Associates, Inc.*, 998 F.2d 1394 (7th Cir. 1993), forecloses ABM's second motion, that decision is distinguishable. There, the defendant received a defective summons and failed to object to the form of the summons in its initial motion. *Id.* at 1400. Here, defendant's objection is not based on a faulty summons but on the fact it has not received any summons or the documents required to waive service. This objection became available only when no such summons or proper request for waiver was provided within the ninety-day window.

Berrios also cites confusion over ABM's name as a reason why she did not deliver the documents required to request a waiver of service. But ABM has been consistent about its name throughout both lawsuits, and ABM's attorney made clear that simply responding to an email with the documents required by Rule 4 would be sufficient to request a waiver of service. No ambiguity about the defendant's name justifies the failure to serve ABM in this case.

Because the copy of the complaint was never sent to ABM and ABM thus never waived service of process, this Court cannot exercise personal jurisdiction over ABM. In such circumstances, the court must either dismiss the suit without prejudice or specify a time within which the plaintiff must serve the defendant. Fed. R. Civ. P. 4(m). Whether to dismiss or extend the service period is left to the discretion of the district court. *Cardenas*, 646 F.3d at

3

1006 (listing the factors to consider when balancing the parties' hardships when applying Rule 4, including expiration of a statute of limitations).

Dismissal in this instance would deny Berrios the opportunity to litigate her claim because a newly-filed suit would be barred by the ninety-day limitations period, and dismissal would unduly penalize Berrios for her attorney's failure to comply with the requirements of Rule 4. Accordingly, despite the lack of good cause for plaintiff's counsel's delay in complying with Rule 4, the Court will exercise its discretion to extend the time limit for service and will grant Berrios fourteen days to provide ABM with the documents required to request a waiver.

If Berrios complies with the requirements of Rule 4(d) within this extended period (by June 20, 2017), the Court will hold an evidentiary hearing before ruling on ABM's first motion to dismiss. That motion will be determined by a single factual issue—when the right-to-sue letter, postmarked May 12, 2016, was delivered to Berrios's attorney. Courts have presumed that a plaintiff receives an EEOC notice between three and seven days after its mailing date. *McGill v. MacNeal Vansguard Health Sys.*, No. 12 C 9558, 2012 WL 6727351, at *3 (N.D. Ill. Dec. 28, 2012) (citing cases). Even applying the longer presumption, the ninety-day period to file a lawsuit would have expired before Berrios filed this suit on August 23, 2016. Berrios attempts to rebut the presumption by submitting counsel's affidavit, in which she states that she did not receive the EEOC letter until she found it on her law firm's floor on May 26, 2016, after the letter was slid under the front door. (ECF No. 15-1, Ex. 6, Aff. of Barbara A. Susman at 1 ¶ 4.) When the receipt date of an EEOC letter is in dispute, "there must be an evidentiary hearing to inquire into the specific circumstances of the case." *Jones v. Madison Serv. Corp.*, 744 F.2d 1309, 1314 (7th Cir. 1984).

Therefore, the Court reserves ruling on ABM's first motion to dismiss [11] pending a possible evidentiary hearing. ABM's second motion to dismiss [17] will be granted if Berrios

4

fails to comply with the requirements of Rule 4 by June 20, 2017, and it will be denied if ABM is properly served within this time period.

SO ORDERED.   ENTERED:   June 6, 2017

_____
**JORGE L. ALONSO**
**United States District Judge**