IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Neidy Berrios,<br><br>                Plaintiff,<br><br>v.<br><br>ABM Janitorial Services-North Central, Inc.,<br><br>                Defendant. | Case No. 1:16-cv-08295<br><br>Magistrate Judge Jeffrey T. Gilbert |

**ORDER**

      Defendant's Motion to Bar Plaintiff from Introducing Evidence of Plaintiff's Prescription Records and the Underlying Medical Conditions the Prescriptions Were Written to Address [73] is denied. See Statement below for further details.

**STATEMENT**

      According to Defendant ABM Janitorial Services–North Central, Inc. ("Defendant"), it has been trying for months to obtain HIPAA (short for Health Insurance Portability and Accountability Act) waivers from Plaintiff Neidy Berrios ("Plaintiff"). Defendant wants the waivers so it can subpoena Plaintiff's prescription records at various pharmacies. Defendant wants to discover whether and how often Plaintiff filled prescriptions for anti-depressant medications during a period of time she alleges she needed those medications because of mental and emotional distress she suffered as a result of Defendant's alleged conduct that gave rise to Plaintiff's claims in this lawsuit.

      Defendant says Plaintiff has not been cooperative or timely in responding to Defendant's requests for the HIPAA waivers, and it filed a Motion to Compel Plaintiff to provide the waivers on January 8, 2018 [56]. The Court granted the Motion in part on January 12, 2018, when Plaintiff's counsel failed to appear at the presentment hearing for the Motion. The Court ordered Plaintiff to provide the HIPAA waivers by January 26, 2018 [59]. The Court also stated that if Plaintiff did not provide the waivers, then it would recommend to the District Judge that Plaintiff be barred from introducing certain evidence to support her claims for emotional or psychological distress on the ground that she had prevented Defendant from conducting discovery into Plaintiff's efforts to mitigate those damages by refusing to provide Defendant with access to her pharmacy prescription records. The Court set a briefing schedule with respect to other aspects of Defendant's Motion to Compel not at issue here [56, 59].

      Plaintiff did not file a response to Defendant's Motion to Compel. In an order dated February 14, 2018 [70], the Court said that if Plaintiff did not produce the HIPAA waivers Defendant was seeking by February 21, 2018, "then Defendant should move [to] bar Plaintiff

1

from introducing evidence concerning her prescription records and the medical issues the prescriptions were written to address." *Id.*

Defendant says Plaintiff has not provided all of the HIPAA waivers it was seeking. Therefore, as the Court suggested in its order of February 14, 2018, Defendant filed a Motion to Bar Plaintiff from Introducing Evidence of Plaintiff's Prescription Records and the Underlying Medical Conditions the Prescriptions Were Written to Address [73]. The Court set a briefing schedule on that Motion, and Plaintiff (again) did not file a response to Defendant's Motion. Accordingly, Defendant now seeks an order from this Magistrate Judge recommending to the District Judge that Plaintiff be barred from introducing the evidence referenced in the Court's orders of January 12, 2018 [59] and February 14, 2018 [70] because she did not fully comply with those orders. *See* ABM's Supplement to its Motion to Bar Plaintiff from Introducing Evidence of Plaintiff's Prescription Records and the Underlying Medical Conditions the Prescriptions Were Written to Address [81].

It would be relatively easy to grant Defendant's Motion to Bar [73] in light of Plaintiff's complete failure to respond to Defendant's original Motion to Compel [56] and its current Motion to Bar [73]. But it appears from the record developed by Defendant that Plaintiff, albeit without any real explanation or transparency on her part, already may have provided Defendant with all or most of what it is entitled to receive. It appears that Plaintiff has provided HIPAA waivers for certain periods of time for particular pharmacies going back in some cases to 2001 and in others to 2010, including waivers going back to 2001 through an unspecified date (which appears to be in December 2013) in a related case between these same two parties, *Berrios v. ABM Janitorial Services,* No. 15-cv-1406 (N.D. Ill.). *See* ABM's Supplement to its Motion to Bar Plaintiff from Introducing Evidence of Plaintiff's Prescription Records and the Underlying Medical Conditions the Prescriptions Were Written to Address [81] at p. 2 and the attached Declaration at pp. 1-2, paras. 2-4. That recent filing by Defendant appears to contain the first complete inventory of the HIPAA waivers Defendant has received from Plaintiff that has been filed of record or provided to the Court during the gestation of this dispute. Therefore, the fact of the matter is that Defendant may have in its possession HIPAA waivers that cover all or most of the period of time relevant to the claims being made in this lawsuit, and it is not clear how much Defendant is or will be hobbled in its ability to defend this case if it does not receive additional prescription or pharmacy records for periods of time not covered by the waivers Plaintiff has provided so far.[1]

---

[1] Defendant asks that this Magistrate Judge recommend to the District Judge that Plaintiff be barred from introducing evidence about her medications and the medical issues they were prescribed to address through the present. It is not clear, though, that the Court ever ordered Plaintiff to provide Defendant with HIPAA waivers covering a period of time up to and including the present. That does not mean Plaintiff is excused from doing so. But it is not clear that Defendant is entitled to a preclusive order barring Plaintiff from introducing evidence that she was not ordered to produce. On January 12, 2018, the Court ordered Plaintiff to provide HIPAA waivers for the period from January 1, 2001 through December 27, 2013 [59]. That is a different, and shorter, period of time than is referenced in Defendant's Motion to Bar Plaintiff from Introducing Evidence of Plaintiff's Prescription Records and the Underlying Medical Conditions the Prescriptions Were Written to Address [73]. In that Motion, Defendant states that it emailed Plaintiff's counsel HIPAA waivers covering the period of time from January 2001 to the present on January 12, 2018, which is four days after Defendant filed its Motion to Compel [56]. See Motion to Bar [73] at p. 5, para. 18. The shorter time period is consistent with Defendant's prayer for relief in its

Further, although Defendant insists upon obtaining HIPAA waivers that go back to 2001, which is the time period covered by the waivers that Plaintiff provided to Defendant in the 2015 case, it is not clear it is proportional to the needs of this case for Plaintiff to provide waivers going back 17 years for any pharmacy for which Defendant does not already have that information from the 2015 case. *See* FED.R.CIV.P. 26(b)(1). Plaintiff apparently agreed to provide HIPAA waivers going back to 2001 in the 2015 case but there never has been a judicial determination that was an appropriate period of time given the claims in this case -- other than the order entered on January 12, 2018 [59] by default because Plaintiff failed to respond to Defendant's original Motion to Compel [56].

It also is not clear from the record before the Court at this time what, if any, prescription or pharmacy records exist for which Plaintiff has not already provided Defendant HIPAA waivers. Defendant concedes that it has HIPAA waivers for certain pharmacies through the present. For example, Defendant now says that Plaintiff has provided HIPAA waivers for Thorek Memorial Hospital covering the period from December 28, 2013 to the present, from Walmart from January 1, 2010 to the present, and for Walgreens from December 28, 2013 to the present. Although Defendant appears to be asking Plaintiff for HIPAA waivers for other pharmacies for a period of time after December 27, 2013, to the present, it is not clear that Plaintiff utilized the services of these other pharmacies (e.g., Jewel Albertson, CVS, Walgreens, and Union Health) after December 27, 2013. Plaintiff provided Defendant with HIPAA waivers for those pharmacies through December 27, 2013, in the 2015 lawsuit but it is possible that she no longer used at least some of these pharmacies after 2013. So, Defendant already either may have records from these pharmacies for the period of time during which Plaintiff filled prescriptions at those pharmacies or HIPAA waivers for that period of time.[2]

Finally, although the Court did say in its prior orders that it would recommend that Plaintiff be barred from introducing evidence "concerning her prescription records and the medical issues the prescriptions were written to address" [70] and "evidence to support a claim for emotional or psychological distress as a result of Defendant's conduct" [59] if Plaintiff failed to provide Defendant with the HIPAA waivers it was seeking so it could conduct discovery into Plaintiff's efforts to mitigate those damages, that was before the Court was advised of what HIPAA waivers covering which periods of time Plaintiff already had provided to Defendant. *See* ABM's Supplement to its Motion to Bar Plaintiff from Introducing Evidence of Plaintiff's Prescription Records and the Underlying Medical Conditions the Prescriptions Were Written to Address [81] at p. 2 and the attached Declaration at pp. 1-2, paras. 2-4. It may be that Defendant is not being deprived of access to information concerning Plaintiff's pharmacy prescriptions that

---

Motion to Compel [56] at p. 2 ("On November 29, 2017, ABM's counsel sent Plaintiff's counsel HIPAA waivers drafted by ABM's counsel seeking prescription records from January 1, 2001 through December 27, 2013. . . .") and at p. 15 (asking the Court "to compel Plaintiff to execute and provide ABM with the HIPAA waivers ABM requested and provided to Plaintiff on November 29, 2017"). That is why the Court's order granting Defendant's Motion to Compel [56] picks up that time period from January 1, 2001 through December 27, 2013 [59].

[2] The Court recognizes that Walgreens pharmacy appears twice in this discussion. That may or may not be the result of a mistake by Defendant in it papers. Plaintiff's counsel, of course, probably could have cleared up the confusion if she had responded to Plaintiff's Motions [56, 59].

are necessary to its defense. In fact, based on the present record, it is not clear what, if any, information about Plaintiff filling or not filling prescriptions written by her physicians during the relevant time period Defendant does not have or does not have the ability to obtain.

The Court recognizes that Plaintiff's counsel's repeated failure to respond to discovery in a timely manner and her refusal to respond to motions filed by Defendant in accordance with briefing schedules set by the Court (sometimes with her express input) may have put Defendant in a position in which it does not know what it does not have from Plaintiff. That is a problem. However, to the extent some relevant HIPAA waivers may not have been provided to date, the Court does not believe that failure by Plaintiff – if in fact Plaintiff has failed to provide HIPAA waivers for the relevant time period – justifies at this time the broad relief Defendant now is seeking.

Accordingly, while Plaintiff's failure to respond in a timely manner to Defendant's discovery requests and to Defendant's motions relating to those discovery requests is frustrating—not only to Defendant but also to the Court—it is not clear on the present record that Plaintiff should be barred from introducing the evidence that Defendant seeks to bar her from introducing by its Motion to Bar [73] and its Supplement to that Motion [81]. Therefore, Defendant's Motion [73] is denied. This order, however, is without prejudice to Defendant developing a record, if it can do so, that would support its claim that Plaintiff has not, in fact, complied with Defendant's requests for HIPAA waivers that are necessary to allow it to develop the evidence it needs to defend against Plaintiff's claims.

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: April 27, 2018