IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Neidy Berrios,

        Plaintiff,

v.

ABM Janitorial Services-North Central, Inc.,

        Defendant.

Case No. 1:16-cv-08295

Magistrate Judge Jeffrey T. Gilbert

## ORDER

Defendant ABM Janitorial Services-North Central, Inc.'s Motion for Entry of Rule to Show Cause [71] is denied. See Statement below for further details.

## STATEMENT

### A. Prologue

1. In the Court's view, Plaintiff's counsel's failures to respond timely to Defendant's written discovery, to Defendant's discovery motions, and to the Court's discovery orders has made this case much more difficult than it needs to be and delayed its ultimate resolution. Plaintiff's habit of dribbling out responses to discovery requests, often only after Defendant has filed a motion to compel, makes it more difficult for Defendant and the Court to focus on what may be missing from Plaintiff's discovery responses at a particular point in time and renders disputes moving targets that require constant reconfiguration.

2. Too, however, Defendant sometimes overplays its hand with respect to purported deficiencies in Plaintiff's discovery responses and the grounds for its motions to compel or other discovery motions by insisting that Plaintiff's discovery responses or her counsel's conduct are more problematic or prejudicial than is actually the case upon closer examination. It should be said, though, that this often can result, in part, from the fact that Plaintiff often repairs any deficiencies in her discovery responses only after motions are filed.

3. The Court's clear preference in all cases is that they be resolved on the merits rather than by default. There are cases in which it is appropriate to penalize a party for the conduct of her lawyer consistent with the ends of justice. For the reasons discussed below and in the Court's order on Defendant's Motion to Bar [73] also entered on this date, the Court does not believe Plaintiff's counsel's conduct in this case as of this time merits the relief

Defendant seeks.[1] With this prologue, the Court addresses the substance of Defendant's Motion [71].

## B. The Merits of Defendant's Motion

4. A rule to show cause is not the proper vehicle at this time to address Plaintiff's or her counsel's failure to respond to Defendant's Motion to Compel [56], her failure to comply fully with the Court order granting the Motion to Compel [70], Plaintiff's late production of responsive documents, or purported deficiencies in Plaintiff's answers to Defendant's interrogatories or responses to Defendant's requests for production. Federal Rule of Civil Procedure 37(b)(2)(A) provides a court with a number of vehicles to address a party's discovery defaults or refusals to comply with a discovery order. A contempt order is one of the most powerful remedies in a court's arsenal, but this Court does not believe that is an appropriate remedy at this time in this case. Among other reasons, it would do nothing to move this case forward to its ultimate resolution whether by settlement, summary judgment, or trial. Other vehicles available to the Court under Rule 37 are more suited to moving the case to its ultimate resolution when the record supports such an order.

5. The Court has reviewed Plaintiff's answers to Defendant's interrogatories and what Defendant says about Plaintiff's responses to Defendant's requests for production of documents. The Court does not believe that Plaintiff's discovery responses are so inadequate as to justify the relief Defendant seeks. Plaintiff has answered Defendant's interrogatories, including its contention interrogatories to which Plaintiff also objected, and provided sufficient information in answering those interrogatories to allow Defendant to depose Plaintiff. In the Court's view, much of the information that Defendant argues Plaintiff should have provided or clarified in her answers to interrogatories is more appropriately discovered by deposition rather than by supplementation of Plaintiff's interrogatory responses. Therefore, on this record, the Court will not order Plaintiff to supplement her answers to interrogatories or issue a rule to show cause because of her failure to do so in response to the Court order granting Defendant's Motion to Compel [70].

6. In addition, it is difficult for the Court to determine what, if any, deficiencies currently exist in Plaintiff's production of documents. Plaintiff produced some documents to Defendant after Defendant filed its Motion to Compel [56]. *See* [84-1, at ¶ 2(d).] The existing deficiencies Defendant cites in Plaintiff's document production do not seem to be particularly material or egregious. *See* [84-1, at ¶ 3.] For example, it is not clear why the collective bargaining agreement for the union that Plaintiff apparently joined after she was terminated from Defendant's employ is relevant to Plaintiff's claims or Defendant's defenses. In addition, it appears that Defendant has received all but a handful of Plaintiff's pay stubs for work she did after she left Defendant's employ, and it is not clear the missing pay stubs exist. *See* [84-1, at ¶ 2(d).] Defendant makes vague reference to other deficiencies in Plaintiff's document productions without any specifics. *See* [84-1, at

---

[1] The Court recognizes that Defendant seeks a rule to show cause against both Plaintiff and her lawyer but the focus of Defendant's Motion is the conduct of Plaintiff's counsel.

¶ 3] (missing documents include "any other documents in Plaintiff's possession, custody, and/or control relating to her alleged damages, her mitigation of those alleged damages, or any other request made by ABM"). Therefore, on this record, the Court will not order Plaintiff to supplement her document production or issue a rule to show cause because of her failure to do so in response to the Court's order granting Defendant's Motion to Compel [70].

7. The Court recognizes that it granted Defendant's original Motion to Compel [56] by default when Plaintiff failed to respond to that Motion [70]. The Court also recognizes that Defendant's Motion for a Rule to Show Cause [71] grows out of Plaintiff not serving supplemental answers to interrogatories and supplementing her document production as the Court ordered her to do when it granted Defendant's Motion to Compel [70]. In retrospect, however, it may have been better if the Court had ruled substantively rather than by default on Defendant's Motion to Compel [56] even without the benefit of any response from Plaintiff. That is because, as discussed above, upon closer examination of Plaintiff's answers to interrogatories and responses to requests for production, the Court does not think Plaintiff's discovery responses (admittedly as supplemented in some cases after Defendant filed its Motion to Compel [56]) are seriously deficient. If Plaintiff had responded to Defendant's Motion to Compel [56] as she said she wanted to do per the briefing schedule she asked the Court to set [64], the Court could have addressed this issue sooner and with the benefit of Plaintiff's point of view. A rule to show cause can be an appropriate remedy or sanction when a party fails to comply with a court order. *See* FED. R. CIV. P. 37(b)(2)(A)(vii). Still, under these circumstances, Plaintiff's failure to comply with the Court's order [70] granting Defendant's Motion to Compel [56] does not justify granting Defendant's Motion for a Rule to Show Cause [71].

8. The Court considered whether to award Defendant its attorneys' fees incurred in filing its Motion to Compel [56] but that also would not be appropriate given that the bulk of that Motion focused on purported deficiencies in Plaintiff's answers to interrogatories, answers that the Court does not find upon further examination were particularly deficient for the reasons discussed above.

### C. The Parties Need to Proceed to Oral Discovery

9. As noted at the outset of this Order, Plaintiff's and her counsel's persistent failure to respond to motions and discovery on a timely basis is extremely frustrating. At this time, though, Defendant seems to have enough information to take Plaintiff's deposition and Plaintiff should be able to take any depositions she would like to take before discovery in this case closes on July 2, 2018 [87]. The Court would rather the parties proceed to oral discovery as soon as possible. It then can revisit, if necessary, any alleged defaults by Plaintiff that Defendant believes prejudice its ability to defend this case. The Court also can address at that time the propriety of any discovery sanctions under Rule 37 including, without limitation, the assessment of attorneys' fees or the entry of other appropriate orders.

10. Defendant should be able to address the matters it wants to address with Plaintiff at her deposition, and the Court sees no prejudice to Defendant in doing so. The Court earlier denied as premature [59] Defendant's request that Plaintiff be required to provide dates that she is available for her deposition. Plaintiff now is ordered to provide to Defendant, within the next five business days a list of the dates that she is available for deposition during the next 30 days. Defendant then shall notice Plaintiff's deposition for one of those dates.

11. Within five business days of the date of this Order, Plaintiff also shall inform Defendant of the witnesses she intends to depose. Plaintiff is limited to the witnesses listed as the witnesses Plaintiff intends to depose in the status report filed on November 17, 2017 [51]. *See also* Plaintiff's Status Report [45] that was stricken by order dated November 13, 2017 [49]. Defendant then shall provide Plaintiff within the next five business days with dates for those depositions of witnesses within its control. If necessary, Plaintiff shall issue subpoenas for any third party witnesses that must be compelled to appear for deposition via subpoena no later than May 15, 2018.

12. Defendant also shall issue subpoenas for any third party witnesses identified in the status report filed on November 17, 2107 [51] that it wants to depose and who must be compelled to appear for deposition via subpoena. Those subpoenas shall be issued no later than May 15, 2018.

13. No later than May 18, 2018, the parties shall file with the Court a confirmed deposition schedule that identifies the people who will be deposed and the dates those depositions have been confirmed to occur. The report also shall include the dates on which any third party witnesses have been subpoenaed to appear. After the Court reviews the schedule, it will memorialize the dates set forth in that schedule in an order with which the parties shall comply and also set this case for a further status hearing consistent with the deposition schedule. If issues remain after that with Plaintiff's production of documents, the Court can address them on a more complete record.

14. Finally, Plaintiff and her counsel are on notice that conduct that frustrates the obligation of the Court and the parties "to secure the just, speedy, and inexpensive determination of [this] action," Federal Rule of Civil Procedure 1, or that unnecessarily increases Defendant's costs in defending this action – including responding to pending discovery requests only after a motion to compel has been filed – will have serious consequences including without limitation the potential imposition of the kinds of sanctions authorized by Federal Rule of Civil Procedure 37(b)(2)(A) in appropriate circumstances.

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: April 27, 2018